IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRUSTEES OF THE NEWSPAPER GUILD INTERNATIONAL PENSION FUND, LINDA K. FOLEY, TIMOTHY J. KELLEHER, BERNARD J. LUNZER, SHARON CIECHON, JAMES SCHAUFENBIL & MELISSA MILLER<br>    501 3rd Street, N.W.<br>    Washington, D.C 20001<br><br>and<br><br>THE NEWSPAPER GUILD INTERNATIONAL PENSION FUND<br>    501 3rd Street, N.W.<br>    Washington, D.C. 20001<br><br>            Plaintiffs,<br><br>    v.<br><br>EL VOCERO DE PUERTO RICO, INC.<br>    206 Ponce de Leon Avenue,<br>    San Juan, Puerto Rico, 00901<br><br>and<br><br>CARIBBEAN INTERNATIONAL NEWS CORPORATION<br>    206 Ponce de Leon Avenue,<br>    San Juan, Puerto Rico 00901<br><br>            Defendants. | **COMPLAINT** |

**COMPLAINT FOR MONIES DUE AND INJUNCTIVE RELIEF**

Plaintiffs, Trustees of The Newspaper Guild International Pension Fund ("Trustees"), and The Newspaper Guild International Pension Fund ("Fund"), file this Complaint against Defendants El Vocero de Puerto Rico ("El Vocero"), and Caribbean International News

Corporation ("CINC") for monies due, arising from the contractual relationship between the parties, and for appropriate injunctive relief.

This is an action brought pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. Sections 1132 and 1145, and Section 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. Section 185. Jurisdiction and venue are conferred on this Court by 29 U.S.C. Sections 185(a), 1132(a), (e), and (f). This action arises from the failure of the Defendants to submit payment for pension contributions owing under applicable labor contracts, as well as the Fund Agreement and Declaration of Trust, and the Fund Pension Plan, which together govern the employee benefit plan.

## PARTIES

1. Plaintiff Trustees are Trustees of a multiemployer employee benefit plan established pursuant to Sections 3(3) and 3(37) of ERISA, as amended, 29 U.S.C. Sections 1002(3) and (37). The Trust is established and maintained pursuant to the provisions of the Agreement and Declaration of Trust ("Trust Agreement"), the Pension Plan ("Pension Plan"), and various collective bargaining agreements, including a Collective Bargaining Agreement between La Union de Periodistas, Artes, Graficas y Ramas Arexas ("UPAGRA") and CINC. The Trustees are authorized to sue on behalf of the Fund by Section 502(a)(3) of ERISA, 29 U.S.C. Section 1132(a)(3). The Trust is administered in the District of Columbia from its Administrator's principal place of business at 501 3rd Street NW, Washington, DC, 20001.

2. Plaintiff Fund is a multiemployer employee benefit plan established pursuant to Sections 3(3) and 3(37) of ERISA, as amended, 29 U.S.C. Sections 1002(3) and (37). The Fund

is established and maintained pursuant to the provisions of the Trust Agreement, the Pension Plan, and various collective bargaining agreements, including a Collective Bargaining Agreement between La Union de Periodistas, Artes, Graficas y Ramas Arexas ("UPAGRA") and the Defendants. The Fund is authorized to sue in its own name by Section 502(d)(1) of ERISA, 29 U.S.C. Section 1132(d)(1). The Fund is administered in the District of Columbia from its Administrator's principal place of business at 501 3rd Street NW, Washington DC, 20001.

3. Upon information and belief, Defendant El Vocero is a private incorporated employer in the United States Commonwealth of Puerto Rico doing business in Puerto Rico with its principal place of business located at 206 Ponce de Leon Avenue, San Juan, Puerto Rico, 00901. El Vocero is or was engaged at all times herein as "an employer in an industry affecting commerce" as defined in Sections 501(1), (3), and 2(2) of the LMRA, 29 U.S.C. Sections 142(1), (3) and 152(2); Sections 3(5), (9), (11), (12), and (14) of ERISA, 29 U.S.C. Sections 1002(5), (9), (11), (12) and (14); and Section 3 of the Multi Employer Pension Plan Amendments Act of 1980, 29 U.S.C. Section 1001(a).

4. Upon information and belief, Defendant CINC is a private incorporated employer in the United States Commonwealth of Puerto Rico doing business in Puerto Rico with its principal place of business located at 206 Ponce de Leon Avenue, San Juan, Puerto Rico, 00901. CINC is and was engaged at all times relevant herein as "an employer in an industry affecting commerce" as defined in Sections 501(1), (3), and 2(2) of the LMRA, 29 U.S.C. Sections 142(1), (3) and 152(2); Sections 3(5), (9), (11), (12), and (14) of ERISA, 29 U.S.C. Sections 1002(5), (9), (11), (12) and (14); and Section 3 of the Multi Employer Pension Plan Amendments Act of 1980, 29 U.S.C. Section 1001(a).

## THE COLLECTIVELY BARGAINED LABOR CONTRACTS, TRUST AGREEMENT AND PENSION PLAN

5. Defendant CINC is and was at all times relevant to this Complaint bound by a collective bargaining agreement with UPAGRA requiring contributions to the Fund.  CINC is a signatory party to a CBA, which contains a stated duration date of June 1, 1997 through May 31, 2001.  During the duration of the CBA, and thereafter, CINC has repeatedly entered into agreements to extend the CBA with UPAGRA.  The most recent extension was signed in August 2007 and runs until May 31, 2009.  Each extension incorporates CINC's obligation to make pension contributions.  Thus, CINC's contractual obligation to submit pension contributions to the Fund remains in effect.

6. Defendant El Vocero is signatory to a collectively bargained Stipulation Agreement ("Stipulation") with UPAGRA, signed May 6, 2003, which obligates El Vocero to make the pension contributions to the Fund on behalf of covered employees of thirty dollars ($30) weekly, effective June 1, 2003.

7. CINC and El Vocero, as signatories to a CBA, and the Stipulation, respectively, are bound to the Trust Agreement and the Pension Plan with regard to their obligation to contribute to the Fund.

8. By the terms of the Trust Agreement, CINC and El Vocero must submit to the Fund the pension contributions required by the CBA, and the Stipulation.

9. By the terms of the Trust Agreement, the Fund may also fix, and recover, against any Employer in default, the reasonable rate of interest due the Fund from the date when payment was due under the Plan to the date when payment was made, together with liquidated damages as

set forth in ERISA, and all expenses of collection, including attorneys' fees, incurred by the Fund. The Fund, through its Trustees, may take any action necessary to enforce payment of contributions in default, including, but not limited to, legal or equitable proceedings.

10. Under the Pension Plan, the Fund may pursue an ERISA action against an Employer who fails to make required contributions. Pursuant to the governing documents of the Fund, in any action in which a court awards the Fund a favorable judgment, Employers must pay to the Fund, in accordance with the court's award :

> a. the unpaid contributions;
>
> b. interest on the unpaid contributions, determined at the rate prescribed under Section 6621 of the Internal Revenue Code of 1954, as amended;
>
> c. liquidated damages equal to the greater of :
> 1/ the amount of interest charged on the unpaid contributions; or
> 2/ 20% of the unpaid contributions;
>
> d. reasonable attorneys' fees and costs of the action; and
>
> e. such other legal or equitable relief as the court deems appropriate.

## DEFENDANTS' CURRENT DELINQUENCY

11. For the months of July, August, September, November and December 2007, and January 2008, Defendants have failed to remit contributions on behalf of covered employees in the sums of **$33,480.00, $24,720.00, $24,120.00, $29,970.00, $30,450.00** and **$24,240.00** respectively, creating a known principal delinquency of **$166,980.00.**

12. Defendants have failed to submit a remittance report and contributions for the month of February 2008, which were due in accordance with the Pension Plan on March 31, 2008. Thus, the actual present principal delinquency of Defendants for 2008 is unknown.

13. The Fund has repeatedly requested, via demand letters sent to, and conversations with, Mr. Miguel Roca, President of El Vocero, that Defendants comply with their contribution obligation, and submit the full monies owed the Fund.  The Defendants have failed and refused to do so, despite acknowledging such an obligation through the submission of remittance reports.

14. Due to the delinquent contributions for the months of July, August, September, November and December 2007, and January and February 2008, and pursuant to the governing documents of the Fund, the Trustees have assessed liquidated damages in the amount of twenty percent (20%) of the principal delinquency.

**DEFENDANTS' PERSISTENT FAILURE TO SUBMIT TIMELY CONTRIBUTIONS**

15. Moreover, throughout the course of their relationship with UPAGRA, Defendants have persistently accrued substantial delinquencies to the Fund, requiring Plaintiffs to repeatedly threaten resort to contractual and legal remedies to collect the monies owed.

16.  For example, for the months of June through August, 2000, Defendants incurred a delinquency to the Fund in excess of $100,000.00 by failing to make monthly contributions of $33,775.00, $41,450.00, and $32,725.00, respectively.  Only upon the threat of impending litigation did El Vocero consent, by letter of agreement dated October 20, 2000 ("Letter of Agreement"), to repay this delinquency.  Under the Letter of Agreement, El Vocero also agreed to make timely future monthly contributions to the Fund.

17. Despite Defendants' obligation, under both the CBA with UPAGRA and the October 20, 2000 Letter of Agreement, to timely submit future monthly payments, they immediately failed to make timely payment of contributions owing for the months of September, October,

November, and December, 2000, amassing a delinquency of approximately $139,400.00. Only following further threats of federal litigation from Fund counsel did Defendants submit contributions for the months of September, October, and November, 2000, respectively.

18. Defendants, however, failed to submit the contribution owing for December, 2000, and subsequently failed to submit timely contributions for the months of January and February, 2001. Only after Fund counsel again transmitted a letter threatening litigation, did Defendants comply with their obligation to submit the delinquent contributions.

19. Thereafter, Defendants accumulated a delinquency of $15,185.00 to the Fund for contributions owing for the period of April through August, 2003. Defendants also submitted no contributions to the Fund for the months of September through December, 2003, accumulating contribution obligations of $39,780.00, $30,300.00, $33,765.00, and $38,880.00 for these months, respectively.

20. In sum, Defendants owed a delinquency of $169,211.76 for the months of April through December, 2003, including accrued interest. Via letter of agreement, signed by Gaspar Roca - the former President of El Vocero and CINC - on February 23, 2004, El Vocero agreed to repay this delinquency in six equal monthly installments. As in the October 20, 2000 Letter of Agreement, El Vocero explicitly agreed, consistent with their obligation under the CBA with UPAGRA, to submit all future monthly contributions in a timely fashion.

21. Nevertheless, Defendants again failed to submit timely contributions of $38,550.00, $30,720.00, $30,540.00, and $37,920.00, respectively, for the months of August through November, 2004, totaling $137,730.00. Following repeated written demands from Fund counsel

to submit the delinquent payments, which included threats of litigation, Defendants submitted to a repayment schedule. Once again, under the terms of the repayment schedule, El Vocero agreed to timely submit future monthly contributions owing to the Fund.

22. Yet Defendants again failed to submit timely contributions for the months of September through December, 2005, of $28,560.00, $35,700.00, and $23,040.00, and $27,760.00 respectively. Although Defendants ultimately made their September contribution, more than two months delinquent, on January 3, 2006, and its October contribution, also more than two months delinquent, on February 1, 2006, it ignored a Fund letter of December 7, 2005, demanding full payment of its delinquency to the Fund. Defendants failure to pay its contributions for November, and December, 2005, and January, 2006, totaling **$84,900.00**, ultimately compelled the Fund to file suit in this court to recover the delinquency in March 2006. Defendants ultimately agreed to a Consent Judgment entered on August 4, 2006 in the amount of **$147,659.57**, which was ultimately paid.

23. Defendants' flagrant, unremitting history of disregarding their ongoing contribution obligation to the Fund necessitates that they be permanently enjoined from failing and refusing to submit timely contributions as they come due each month. Defendants' liability is plain; it has failed to timely submit monthly contributions owing to the Trust. Defendants' history indicates that, absent issuance of an injunction, it will continue to accrue delinquencies repeatedly, and the Fund and its participants will incur irreparable harm. Defendants will incur no legal harm based on issuance of an injunction because the injunction only requires that it comply with its ongoing contractual obligation - pursuant to the CBA with UPAGRA, the Stipulation, and the Trust Agreement - to submit timely monthly contributions to the Fund. Finally, the public interest

favors an injunction to ensure the undeniably recalcitrant Defendants' compliance with public law in the form of ERISA.

24. Plaintiffs will serve a copy of this Complaint upon the Secretary of Labor and the Secretary of Treasury by certified mail as required by 29 U.S.C. §1132(h).

### COUNT I - DEFENDANTS' BREACH OF CONTRACT AND ERISA FOR FAILURE TO SUBMIT CONTRIBUTIONS

25. Plaintiffs reallege and incorporate herein by reference the allegations set forth in paragraphs 1 through 24 of this Complaint.

26. Defendants' failure and refusal to submit the above-referenced amounts, payments and remittance reports to the Plaintiffs violates the CBA, and the Stipulation, by which they are bound. Defendants' refusal to submit the required payments to the Fund also constitutes a violation of ERISA.

WHEREFORE, Plaintiffs ask that this Court :

1. Require Defendants:

   a. To pay **$166,980.00** in contributions for the months of July, August, September, November and December 2007, and January 2008, plus interest and statutory remedies;

   b. To pay any additional delinquencies, including, but not limited to, contributions due for the month of February 2008, which have accrued at the time of judgment, plus interest and statutory remedies;

   c. To pay the Fund liquidated damages in the amount of twenty percent (20%) of the principal delinquency determined to be owed at the time of judgment;

    d. To pay the Fund all the costs of collection, including reasonable attorneys' fees and the costs of this action.

  2.  Restrain and enjoin Defendants, their officers, agents, servants, attorneys and all persons acting on their behalf, or in conjunction with them, from refusing to submit timely payments so long hereafter as Defendants are contractually, or otherwise legally, bound to do so; and

  3.  Award Plaintiffs such other legal or equitable relief as the Court deems appropriate.

            Respectfully Submitted,


            _____/s/_____
            Barbara L. Camens
            DC Bar No.  366776
            Barr & Camens
            1025 Connecticut Ave. NW
            Suite 712
            Washington, D.C.  20036
            (202) 293-9222
            (202) 293-6893 (fax)

            Counsel for Plaintiffs

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

1. Trustees of the Newspaper Guild Int'l Pension Fund
2. The Newspaper Guild Int'l Pension Fund

## DEFENDANTS

1. El Vocero de Puerto Rico, Inc.
2. Caribbean Int'l News Corporation

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY) ___San Juan, PR___
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Barbara L. Camens
Barr & Camens
1025 Connecticut Avenue, NW, Suite 712
Washington, DC 20036
202 293 9222
202 293 6893 (f)

ATTORNEYS (IF KNOWN)

Unknown

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
● 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. Habeas Corpus/ 2255 | ○ H. Employment Discrimination | ○ I. FOIA/PRIVACY ACT | ○ J. Student Loan |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. Labor/ERISA (non-employment) | ○ L. Other Civil Rights (non-employment) | ○ M. Contract | ○ N. Three-Judge Court |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☒ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
○ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Employee Retirement Income Security ACT, 29 USC Sec. 1001 et seq : Def. failed to make contractually required pension contributions to Plaintiffs.

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐  DEMAND $ 166,980.00  Check YES only if demanded in complaint  JURY DEMAND: YES ☐ NO ☒

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE 4/9/08   SIGNATURE OF ATTORNEY OF RECORD  [signature]

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C., 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.