IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRUSTEES OF THE NEWSPAPER GUILD INTERNATIONAL PENSION FUND, LINDA K. FOLEY, TIMOTHY J. KELLEHER, BERNARD J. LUNZER, SHARON CIECHON, JAMES SCHAUFENBIL & MELISSA MILLER and THE NEWSPAPER GUILD INTERNATIONAL PENSION FUND,<br><br>    Plaintiffs,<br><br>v.<br><br>EL VOCERO DE PUERTO RICO, INC.,<br><br>and<br><br>CARIBBEAN INTERNATIONAL NEWS CORPORATION,<br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## DEFENDANTS' MOTION TO VACATE DEFAULT

**TO:   The Honorable Paul L. Friedman,
         United States District Judge**

COME NOW defendants El Vocero de Puerto Rico, Inc., and Caribbean International News Corporation, by and through their undersigned counsel, without submitting to the jurisdiction of this Honorable Court, and respectfully request that this Court VACATE the default entered against them on May 13, 2008 [Docket No. 6], and GRANT them leave to file their Answer and Affirmative Defenses filed contemporaneous herewith, and enter such other and further relief as to this Honorable Court seems appropriate under the circumstances, and in support of the instant Motion respectfully direct the Court's attention to the following attachments:  (1) Memorandum of Points and Authorities in Support of Defendants' Motion to

Vacate Entry of Default; (2) Unsworn Statement Under Penalty of Perjury of Angel J. de Jesús; (3) Defendants' [proposed] Verified Answer and Affirmative Defenses; and (4) proposed Order.

RESPECTFULLY SUBMITTED, from San Juan, Puerto Rico, on July 7, 2008.

   /s/   Stuart A. Weinstein-Bacal

Stuart A. Weinstein-Bacal
D.C. Bar No. 298166

WEINSTEIN-BACAL & MILLER, P.S.C.
González-Padín Building - Penthouse
154 Rafael Cordero Street, Plaza de Armas
Old San Juan, Puerto Rico 00901
Telephone: (787) 977-2550;
Telecopier: (787) 977-2559

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on this date I have filed this document and all relevant attachments [(1) Memorandum of Points and Authorities; (2) Unsworn Declaration of Angel J. de Jesús; (3) Defendants' [proposed] Verified Answer and Affirmative Defenses; and (4) proposed Order], and have sent copies thereof to Barbara L. Camens, Barr & Camens, 1025 Connecticut Ave. NW , Suite 712, Washington, D.C., 20036, by regular mail and by email to qphilbin@barrcamens.com.

   /s/ Stuart A. Weinstein-Bacal

Stuart A. Weinstein-Bacal

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| TRUSTEES OF THE NEWSPAPER GUILD INTERNATIONAL PENSION FUND, LINDA K. FOLEY, TIMOTHY J. KELLEHER, BERNARD J. LUNZER, SHARON CIECHON, JAMES SCHAUFENBIL & MELISSA MILLER and THE NEWSPAPER GUILD INTERNATIONAL PENSION FUND,  Plaintiffs, v. EL VOCERO DE PUERTO RICO, INC., and CARIBBEAN INTERNATIONAL NEWS CORPORATION,  Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**DEFENDANTS' MOTION TO VACATE ENTRY OF DEFAULT**

**TO:** The Honorable Paul L. Friedman,
United States District Judge

    1. On April 9, 2008, plaintiffs Trustees of The Newspaper Guild International Pension Fund (the "**Trustees**"), and The Newspaper Guild International Pension Fund (the "**Fund**") (hereafter, theTrustees and the Fund will be collectively referred to as the "**Plaintiffs**"), filed their complaint in the instant case against defendants Caribbean International News Corporation ("**CIN**") and El Vocero de Puerto Rico, Inc. ("**El Vocero**") (hereafter, CIN and El Vocero will be collectively referred to as the "**Defendants**") [the "**Complaint**" (Docket No. 1)].

**CIVIL NO. 08-608;** *Trustees of the Newspaper Guild, et al. v. El Vocero de Puerto Rico, Inc., et al.*
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO VACATE DEFAULT
Page 2

2. The Plaintiffs allege that they effected service of process upon El Vocero on April 18, 2008 [Docket No. 2].

3. On May 13, 2008, the Plaintiffs filed an "Affidavit in Support of Default" [the "**Affidavit for El Vocero**" (Docket No. 2)], in which they certified under penalty of perjury that service of process had been effected upon El Vocero on April 18, 2008, and requested that this Honorable Court enter the default of El Vocero.

4. Also on May 13, 2008, plaintiffs filed an "Affidavit in Support of Default" [the "**Affidavit for CIN**" (Docket No. 3)], together with the Affidavit for El Vocero (together, the "**Affidavits**"], in which they certified under penalty of perjury that service of process had been effected upon CIN on April 18, 2008, and requested that this Honorable Court enter the default of CIN.

5. Also on May 13, 2008, this Honorable Court entered the default of the Defendants [Docket No. 6].

6. Plaintiffs certified in their Affidavits that service of process had been effected upon El Vocero and CIN by delivering a true copy of Summons and Complaint with a cover letter to Mr. Angel J. De Jesús, Controller of CIN.

7. Mr. De Jesús denies ever having been served with copy of Summons and Complaint for the above-captioned case.

8. Enclosed hereto as **Exhibit 1** is an Unsworn Declaration Under Penalty of Perjury made by Mr. De Jesús.

9. Included herewith is the proposed Verified Answer and Affirmative Defenses of Defendants El Vocero of Puerto Rico, Inc., and Caribbean International News Corp. presenting a defense sufficient to bar the Plaintiffs' claim in whole or in part, as required by Rule 7(g) of the

**CIVIL NO. 08-608;** *Trustees of the Newspaper Guild, et al. v. El Vocero de Puerto Rico, Inc., et al.*
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO VACATE DEFAULT**
**Page 3**

Rules of the United States District Court for the District of Columbia.

WHEREFORE, Defendants El Vocero of Puerto Rico, Inc., and Caribbean International News Corporation respectfully request that this Honorable Court VACATE the default entered against them and GRANT them leave to file their Answer and Affirmative Defenses, and grant such other and further relief as to this Honorable Court seems appropriate under the circumstances.

RESPECTFULLY SUBMITTED, in San Juan, Puerto Rico, on July 7, 2008.

/s/ Stuart A. Weinstein-Bacal

Stuart A. Weinstein-Bacal
D.C. Bar No. 298166

WEINSTEIN-BACAL & MILLER, P.S.C.
González-Padín Building - Penthouse
154 Rafael Cordero Street, Plaza de Armas
Old San Juan, Puerto Rico 00901
Telephone: (787) 977-2550
Telecopier: (787) 977-2559
Email: swb@w-bmlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRUSTEES OF THE NEWSPAPER GUILD INTERNATIONAL PENSION FUND, LINDA K. FOLEY, TIMOTHY J. KELLEHER, BERNARD J. LUNZER, SHARON CIECHON, JAMES SCHAUFENBIL & MELISSA MILLER and THE NEWSPAPER GUILD INTERNATIONAL PENSION FUND, <br><br> Plaintiffs, <br><br> v. <br><br> EL VOCERO DE PUERTO RICO, INC., <br><br> and <br><br> CARIBBEAN INTERNATIONAL NEWS CORPORATION, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## UNSWORN STATEMENT UNDER PENALTY OF PERJURY OF ANGEL J. DE JESUS.

Angel J. De Jesus, under penalty of perjury, hereby deposes and states as follows:

1. My name is Angel J. De Jesus. I am 61 years old, a resident of Puerto Rico, a citizen of the United States, and am the Controller of Caribbean International News, Inc.

2. I was never served with copy of Summons and Complaint for the case *Trustees for the Newspaper Guild International Pension Fund, et al. v. El Vocero of Puerto Rico Inc., et al.*, 08-cv-0608 (United States District of Columbia).

3. I am not the resident agent of El Vocero of Puerto Rico, Inc..

4. I am not the resident agent of Caribbean International News, Inc.

CIVIL NO. 08-608; *Trustees of the Newspaper Guild, et al. v. El Vocero de Puerto Rico, Inc., et al.*
UNSWORN STATEMENT UNDER PENALTY OF PERJURY
Page 2

FURTHER, AFFIANT SAYETH NOT.

I HEREBY DECLARE under penalty of perjury under 28 U.S.C. § 1746 that I have read the foregoing Unsworn Statement, and that the factual averments contained in it are true and correct to the best of my personal knowledge and information.

*[signature]*
_____
ANGEL L. DE JESUS

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRUSTEES OF THE NEWSPAPER GUILD INTERNATIONAL PENSION FUND, LINDA K. FOLEY, TIMOTHY J. KELLEHER, BERNARD J. LUNZER, SHARON CIECHON, JAMES SCHAUFENBIL & MELISSA MILLER and THE NEWSPAPER GUILD INTERNATIONAL PENSION FUND, <br><br>        Plaintiffs, <br><br> v. <br><br> EL VOCERO DE PUERTO RICO, INC., <br><br> and <br><br> CARIBBEAN INTERNATIONAL NEWS CORPORATION, <br><br>        Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## DEFENDANTS' VERIFIED ANSWER AND AFFIRMATIVE DEFENSES

COME NOW defendants El Vocero de Puerto Rico, Inc. ("**El Vocero**") and Caribbean International News Corporation ("**CIN**") (hereafter, CIN and El Vocero will be collectively referred to as the "**Defendants**"), by and through their undersigned counsel, without submitting to the jurisdiction of this Honorable Court, and for their Answer and Affirmative Defenses to the Complaint for Monies Due and Injunctive Relief (the "**Complaint**") filed by Trustees of the Newspaper Guild International Pension Fund, Linda K. Foley, Timothy J. Kelleher, Bernard J. Lunzer, Sharon Ciechon, James Schaufenbil & Melissa Miller (the "**Trustees**"), and The Newspaper Guild International Pension Fund (the "**Fund**") (hereafter, the Trustees and the Fund will be collectively referred to as the "**Plaintiffs**"), hereby respectfully state, allege, and request

CIVIL NO. 08-608; *Trustees of the Newspaper Guild, et al. v. El Vocero de Puerto Rico, Inc., et al.*
DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
Page 2

as follows.

    1. Defendants are without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in paragraph 1 of the Complaint and, accordingly, DENY same and demand strict proof thereof.

    2. Defendants are without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in paragraph 2 of the Complaint and, accordingly, DENY same and demand strict proof thereof.

    3. Defendants ADMIT the allegations contained in the first sentence of paragraph 3 of the Complaint. Defendants are without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in the second sentence of paragraph 3 of the Complaint and, accordingly, DENY same and demand strict proof thereof.

    4. Defendants ADMIT the allegations contained in the first sentence of paragraph 4 of the Complaint. Defendants are without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in the second sentence of paragraph 3 of the Complaint and, accordingly, DENY same and demand strict proof thereof.

    5. Defendants DENY the allegations contained in paragraph 5 of the Complaint. The Collective Bargaining Agreement (CBA) expired in 2001 and the Stipulation Agreement between UPAGRA and defendant CIN expired in April 2007. No extension of either agreement was signed after April 2007 and there are no contract negotiations pending, and thus CIN's obligation to make pension contributions thus expired, leaving CIN with no contractual obligation to submit pension contributions to the Fund.

    6. Defendants DENY the allegations contained in paragraph 6 of the Complaint. The

CIVIL NO. 08-608; *Trustees of the Newspaper Guild, et al. v. El Vocero de Puerto Rico, Inc., et al.*
DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
Page 3

Stipulation Agreement expired in April 2007 and there are no contract negotiations pending, and defendant El Vocero has no further obligation thereunder.

7. Defendants DENY the allegations contained in paragraph 7 of the Complaint. The Stipulation Agreement expired in April 2007 and there are no contract negotiations pending, and neither of the Defendants has any further obligation thereunder.

8. Defendants DENY the allegations contained in paragraph 8 of the Complaint.

9. Defendants are without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in paragraph 9 of the Complaint and, accordingly, DENY same and demand strict proof thereof.

10. Defendants are without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in paragraph 10 of the Complaint and, accordingly, DENY same and demand strict proof thereof.

11. Defendants DENY the allegations contained in paragraph 11 of the Complaint. No such contributions are due from either of the Defendants.

12. Defendants DENY the allegations contained in paragraph 12 of the Complaint. No remittance reports or contributions are due from either of the Defendants.

13. Defendants DENY the allegations contained in paragraph 13 of the Complaint. Neither of the Defendants has any obligation to the Fund.

14. Defendants are without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in paragraph 14 of the Complaint and, accordingly, DENY same and demand strict proof thereof.

15. Defendants ADMIT the allegations contained in paragraph 15 of the Complaint; however, Mr. Gaspar Roca, president of Defendants for many years and the person who

CIVIL NO. 08-608; *Trustees of the Newspaper Guild, et al. v. El Vocero de Puerto Rico, Inc., et al.*
DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
Page 4

negotiated with the Fund, died last year, and under the current administrations, the Defendants have and have had no obligations to Plaintiffs or the Fund since May 2007, and there are no contract negotiations pending.

16. Defendants ADMIT the allegations contained in paragraph 16 of the Complaint; however, Mr. Gaspar Roca, president of Defendants for many years and the person who negotiated with the Fund, died last year and there are no contract negotiations pending, and under the current administrations, the Defendants have and have had no obligations to Plaintiffs or the Fund since May 2007.

17. Defendants ADMIT the allegations contained in paragraph 17 of the Complaint; however, Mr. Gaspar Roca, president of Defendants for many years and the person who negotiated with the Fund, died last year and there are no contract negotiations pending, and under the current administrations, the Defendants have and have had no obligations to Plaintiffs or the Fund since May 2007.

18. Defendants ADMIT the allegations contained in paragraph 18 of the Complaint; however, Mr. Gaspar Roca, president of Defendants for many years and the person who negotiated with the Fund, died last year and there are no contract negotiations pending, and under the current administrations, the Defendants have and have had no obligations to Plaintiffs or the Fund since May 2007.

19. Defendants ADMIT the allegations contained in paragraph 19 of the Complaint; however, Mr. Gaspar Roca, president of Defendants for many years and the person who negotiated with the Fund, died last year and there are no contract negotiations pending, and under the current administrations, the Defendants has and has had no obligations to Plaintiffs or the Fund since May 2007.

20. Defendants ADMIT the allegations contained in paragraph 20 of the Complaint; however, Mr. Gaspar Roca, president of Defendants for many years and the person who negotiated with the Fund, died last year and there are no contract negotiations pending, and under the current administrations, the Defendants have and have had no obligations to Plaintiffs or the Fund since May 2007.

21. Defendants ADMIT the allegations contained in paragraph 21 of the Complaint; however, Mr. Gaspar Roca, president of Defendants for many years and the person who negotiated with the Fund, died last year and there are no contract negotiations pending, and under the current administrations, the Defendants have and have had no obligations to Plaintiffs or the Fund since May 2007.

22. Defendants ADMIT the allegations contained in paragraph 22 of the Complaint; however, Mr. Gaspar Roca, president of Defendants for many years and the person who negotiated with the Fund, died last year and there are no contract negotiations pending, and under the current administrations, the Defendants have and have had no obligations to Plaintiffs or the Fund since May 2007.

23. Defendants DENY the allegations contained in paragraph 23 of the Complaint. This Honorable Court may take judicial notice of the financial difficulties suffered in the newspaper industry in recent years. Moreover, the Defendants have and have had no legal or other obligations to the Plaintiffs since the expiration of the last Stipulation Agreement in April 2007.

24. Defendants are without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in paragraph 24 of the Complaint and, accordingly, DENY same and demand strict proof thereof.

25. No response is required to the allegations contained in paragraph 25 of the

CIVIL NO. 08-608; *Trustees of the Newspaper Guild, et al. v. El Vocero de Puerto Rico, Inc., et al.*
DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
Page 6

Complaint.

26. Defendants DENY the allegations contained in paragraph 26 of the Complaint.

WHEREFORE, Defendants El Vocero of Puerto Rico, Inc., and Caribbean International News Corporation respectfully request that this Honorable Court DISMISS the Complaint and grant such other and further relief as to this Honorable Court seems appropriate under the circumstances.

## DEFENDANTS' AFFIRMATIVE DEFENSES

1. Plaintiffs' claims are barred by the Doctrine of Accord and Satisfaction.

2. Plaintiffs' claims are barred by Arbitration and Award.

3. Plaintiffs' claims are barred by Assumption of Risk.

4. Plaintiffs' claims are barred by Contributory Negligence.

5. Plaintiffs' claims are barred by Duress.

6. Plaintiffs' claims are barred by the Doctrine of Estoppel.

7. Plaintiffs' claims are barred by Failure of Consideration.

8. Plaintiffs' claims are barred by Fraud.

9. Plaintiffs' claims are barred by Illegality.

10. Plaintiffs' claims are barred by Laches.

11. Plaintiffs' claims are barred by License.

12. Plaintiffs' claims are barred by Payment.

13. Plaintiffs' claims are barred by Release.

14. Plaintiffs' claims are barred by the Doctrine of *res judicata*.

15. Plaintiffs' claims are barred by the Statute of Frauds.

16. Plaintiffs' claims are barred by the Statute of Limitations.

CIVIL NO. 08-608; *Trustees of the Newspaper Guild, et al. v. El Vocero de Puerto Rico, Inc., et al.*
DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
Page 7

17. Plaintiffs' claims are barred by Contractual Limitations.

18. Plaintiffs' claims are barred by the Doctrine of Waiver.

19. Plaintiffs' claims are barred because their Complaint fails to state a claim upon which relief can be granted.

20. Plaintiffs' claims are barred by Plaintiffs' failure to mitigate damages.

21. Plaintiffs' claims are barred by Plaintiffs' failure to fulfill any and all conditions precedent to recovery.

22. Plaintiffs' claims are barred by Misrepresentation.

23. Plaintiffs' claims are barred by Release of the Underlying Obligation.

24. Plaintiffs' claims are barred by Extension of Time.

25. Plaintiffs' claims are barred by Modification of the Underlying Obligation.

26. Plaintiffs' claims are barred by Impairment of Collateral.

27. Plaintiffs' claims are barred by Delay in Enforcement.

28. Plaintiffs' claims are barred by Tender of Performance.

29. Plaintiffs' claims are barred by Nondisclosure.

30. Plaintiffs' damages, if any, were caused by persons or entities other than answering Remaining Defendants and for which answering Remaining Defendant are not chargeable.

31. Plaintiffs' claims are barred by Anticipatory Breach of Contract.

32. The Defendants reserve their right to raise additional affirmative defenses and/or file a counterclaim and/or third party claim as investigations of the facts and/or discovery of evidence may warrant.

I hereby declare under penalty of perjury that I have read the foregoing Defendants'

CIVIL NO. 08-608; *Trustees of the Newspaper Guild, et al. v. El Vocero de Puerto Rico, Inc., et al.*
DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
Page 8

Answer and Affirmative Defenses and that the foregoing is true and correct to the best of my

knowledge and information.

DATED: July 7, 2008

_____
Michael Roca, President
El Vocero de Puerto Rico, Inc.
Caribbean International News Corporation


RESPECTFULLY SUBMITTED, from San Juan, Puerto Rico, on July 7, 2008.

/s/ Stuart A. Weinstein-Bacal

Stuart A. Weinstein-Bacal
D.C. Bar No. 298166

WEINSTEIN-BACAL & MILLER, P.S.C.
González-Padín Building - Penthouse
154 Rafael Cordero Street, Plaza de Armas
Old San Juan, Puerto Rico 00901
Telephone: (787) 977-2550;
Telecopier: (787) 977-2559
Email: swb@w-bmlaw.com

Counsel for Defendants El Vocero de Puerto Rico,
Inc., and Caribbean International News Corporation

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| TRUSTEES OF THE NEWSPAPER GUILD INTERNATIONAL PENSION FUND, LINDA K. FOLEY, TIMOTHY J. KELLEHER, BERNARD J. LUNZER, SHARON CIECHON, JAMES SCHAUFENBIL & MELISSA MILLER and THE NEWSPAPER GUILD INTERNATIONAL PENSION FUND | ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| EL VOCERO DE PUERTO RICO, INC., | ) ) |
| and | ) ) |
| CARIBBEAN INTERNATIONAL NEWS CORPORATION, | ) ) ) |
| Defendants. | ) ) ) |

**ORDER**

This matter having come before the court upon Defendants' Motion to Vacate Entry of Default, filed along with a supporting Memorandum of Points and Authorities, a Declaration Under Penalty of Perjury, and Defendants' [proposed] Verified Answer and Affirmative Defenses, and it appearing to the court that Defendants have given cause why the default entered by the Clerk of the Court on May 13, 2008, should be vacated and the Defendants' [proposed] Answer and Affirmative Defenses accepted by the court and entered into the record of the above-captioned proceedings, it is, this ___ day of _____ 2008, hereby

ORDERED, that Defendants' Motion to Vacate Entry of Default is GRANTED, and it is further

ORDERED, that Defendants' [proposed] Verified Answer and Affirmative Defenses is hereby accepted for filing in this case.

SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE